**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RASHIDA ARNOLD,

  Plaintiff,                                CASE NO.:

-VS-

S2 MATTHEWS, LP d/b/a
SHORE HOUSE and RENT
RECOVERY SOLUTIONS, LLC,

  Defendants.
                                  /

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, RASHIDA ARNOLD ("Ms. Arnold" or "Plaintiff"), alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendant, S2 MATTHEW, LP d/b/a SHORE HOUSE ("Shore House"), and Defendant, RENT RECOVERY SOLUTIONS, LLC ("Rent Recovery") (collectively "Defendants").

**INTRODUCTION**

1. The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to eliminate abusive debt collection practices by debt collectors.

2. The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## COMMON FACTUAL ALLEGATIONS

5. Plaintiff, Ms. Arnold, is a natural person, and at all material times hereto, a citizen and resident of Duval County, Florida.

6. Rent Recovery is a debt collector that attempts to collect payment on past due debts throughout the State of Florida, including Duval County, Florida.

7. Rent Recovery is a debt collector as it regularly attempts to collect payment on behalf of creditors, and regularly tries to obtain payment of consumer

debts through legal proceedings and regularly attempts to collect debts that were originally owed to others.

8. Shore House is the owner of an apartment complex located in Duval County, Florida, which bills and collects rents for apartment homes located in Duval County, Florida.

9. All references to either of the Defendants named herein shall also include any of Defendant's predecessors.

10. On or about July 8, 2021, Plaintiff entered into an Apartment Lease Contract (the "Lease") with Shore House. A true and correct copy of the Lease is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

11. The Lease ran from July 8, 2021 thru July 31, 2022.

12. Pursuant to Section 3 of the Lease, after the Lease Term, the Lease renewed on a month-to-month basis. In addition, Section 3 states that the "Lease Contract will automatically renew month to month unless either part gives at least 60 days' written notice of termination or intent to move out."

13. The termination of tenancies with specific durations is governed by Florida Statutes, Section 83.575.

14. In particular, Florida Statutes, Section 83.575(2), provides: "[a] rental agreement with a specific duration may provide that if a tenant fails to give the required notice before vacating the premises at the end of the rental agreement, the

tenant may be liable for liquidated damages as specified in the rental agreement ***if the landlord provides written notice to the tenant specifying the tenant's obligations under the notification provision contained in the lease and the date the rental agreement is terminated. The landlord must provide such written notice to the tenant within 15 days before the start of the notification period contained in the lease. The written notice shall list all fees, penalties, and other charges applicable to the tenant under this subsection."*** Emphasis supplied.

15. Section 3 of the Lease also provides that a party must give sixty (60) days' notice of termination or intent to move out or be subject to liquidated damages in the amount of $1,960.00 (the "Liquidated Damages Provision").

16. The Lease itself also specifies that a charge of liquidated damages for insufficient notice shall only apply "**if we give you the advanced written notice required by Fla. State. § 83.575(2)**." (Emphasis supplied).

17. The notification period was April 30, 2022, sixty (60) days prior to the end of the lease term (the "Notification Period").

18. Defendant failed to provide any notice to Plaintiff within fifteen (15) days of the Notification Period (or ever).

19. Despite not receiving advanced written notice as required by Fla. State. § 83.575(2), and the Lease, on March 31, 2022, Plaintiff advised Shore House that she was giving the required sixty (60) day notice and that she would be vacating

the property by June 30, 2022 (the "Notice of Intent to Vacate"). A true and correct copy of Plaintiff's Notice of Intent to Vacate is attached hereto as Exhibit "B" and its contents are incorporated by reference herein[1].

20. Thereafter, Plaintiff notified Shore House that she would be vacating the premises by July 15, 2022, in accordance with the Lease.

21. Plaintiff also attempted to make arrangements to pay rent for the final month of July 2022, the last month of the Lease term.

22. On or about July 16, 2022, Plaintiff attended a walk thru of the premises with Shore House. Shore House confirmed in writing that there was no damage to the premises and that all necessary steps for Plaintiff to move out had been completed (the "Move Out Checklist"). A true and correct copy of the Move Out Checklist is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

23. On or about August 5, 2022, almost a month after Plaintiff vacated the premises and Shore House executed the Move Out Checklist, Plaintiff received a Three-Day Notice to Pay Rent or Deliver Possession (the "Eviction Notice").

24. A true and correct copy of the Eviction Notice is attached hereto as Exhibit "D" and its contents are incorporated by reference herein.

---

[1] It should be noted that Plaintiff was not required to provide a sixty (60) notice of intent to vacate since Shore House did not provide Plaintiff with the notice required by the Lease or Fla. State. § 83.575(2).

25. Plaintiff was shocked to receive the Eviction Notice and demand for August's rent as she had moved out in July and Shore House had completed the Move Out Checklist.

26. Plaintiff also received a purported bill for rent for August 2022, late fees for failure to pay August rent, as well as insurance, pest control, water, sewer, trash, facility fees and a charge for renewing the Lease as a month-to-month tenant (the "Demand for Payment"). A true and correct copy of the ledger and Demand for Payment is attached hereto as Exhibit "E" and its contents are incorporated by reference herein.

27. Plaintiff also checked the payment portal for Shore House which also demanded payment for rent for August 2022, and other related charges (the "Portal Demand for Payment"). A true and correct copy of the Portal Demand for Payment is attached hereto as Exhibit "F" and its contents are incorporated by reference herein.

28. Shore House advised Plaintiff as the move out walk thru that she would be receiving her security deposit back. However, pursuant to the Portal Demand for Payment, Shore House wrongfully applied the security deposit to the bogus August 2022 rent charges.

29. Plaintiff immediately contacted Shore House to dispute the Eviction Notice, Demand for Payment, and Portal Demand for Payment, and to advise them that she had given them more than 60 days' notice in her Notice of Intent to Vacate,

that she no longer resided on the premises, and that Shore House had previously acknowledged these facts by completing the Move Out Checklist.

30. Shore House refused to address the issue over the phone.

31. Consequently, Plaintiff drove to Shore House on numerous occasions in attempts to speak to management about the issue.

32. Finally, Shore House acknowledged their mistake and advised Plaintiff that they would remove the wrongful charges.

33. Thereafter, instead of removing the charges, Shore House turned Plaintiff over to collections with Rent Recovery.

34. In October 2022, Plaintiff began receiving collection calls and demands for payment from Rent Recovery. A true and correct copy of the transcription of a voicemail message left by Rent Recovery for Plaintiff on October 19, 2022, is attached hereto as Exhibit "G" and its contents are incorporated by reference herein.

35. Shore House and Rent Recovery are continuing to wrongfully attempt to collect rent for August 2022 and other charges not due and owing from Plaintiff (the "Alleged Debt").

36. Defendants have reported the Alleged Debt to the credit reporting agencies.

37. The wrongful reporting of the Alleged Debt on Plaintiff's credit is making it difficult for her to retain her employment as she must undergo frequent background checks for work.

38. Defendants attempted to collect the Alleged Debt from Plaintiff by sending her the Eviction Notice, the Demand for Payment, the Portal Payment Demand, and calling her to demand payment on multiple occasions.

39. The Eviction Notice, Demand for Payment, Portal Payment Demand, and telephone calls are collection attempts because Defendants demanded payment for the Alleged Debt therein.

40. The Eviction Notice, Demand for Payment, Portal Payment Demand, and telephone calls improperly seek payment of the Alleged Debt as Plaintiff terminated the Lease pursuant to Section 3, vacated the premises, and did not owe any further rent pursuant to the express terms of the Lease.

41. The Eviction Notice, Demand for Payment, Portal Payment Demand, and telephone calls all hide the true character of the Alleged Debt and impair Plaintiff's ability to knowledgeably assess the validity of the Consumer Debt.

42. The Eviction Notice, Demand for Payment, Portal Payment Demand, and telephone calls are misleading on their face.

43. Defendants knew that they were not entitled to attempt to collect the Alleged Debt from Plaintiff as they knew that Plaintiff had properly provided the Notice of Intent to Vacate and moved out.

44. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Ms. Arnold v. Rent Recovery)
### (Violation of the FDCPA)

45. Plaintiff incorporates Paragraphs one (1) through forty-four (44) above as if fully set forth herein.

46. This is an action against Defendant, Rent Recovery, for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $30,000.00, exclusive of interest, court costs and attorneys' fees.

47. The Consumer Debt is a consumer debt within the meaning of the FDCPA. This is so because it was incurred for Plaintiff's personal use; namely rent for her primary residence, and thereby created an obligation for Plaintiff to pay money arising out of a transaction which was primarily for personal, family, or household purposes.

48. Plaintiff is a natural person that was the borrower of and obligated to pay the Alleged Debt.

49. Defendant, Rent Recovery, is a debt collector within the meaning of the FDCPA. This is so because:

   a. Rent Recovery is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the telephone calls to Plaintiff in an attempt to collect the Alleged Debt; and

   b. Rent Recovery's principal business purpose is the collection of debts, as Rent Recovery regularly calls, sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Alleged Debt; and

   c. Rent Recovery regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Alleged Debt on behalf of Shore House.

50. Rent Recovery's multiple telephone calls to Plaintiff demanding payment (the "Telephone Demands") are attempts to collect the Alleged Debt.

51. The Telephone Demands demanded payment for amounts that were not due and owing.

52. The illegal amounts sought in the Telephone Demands are substantial and material.

53. The Telephone Demands are misleading because they give a false impression of the character and/or amounts of the Alleged Debt, namely that rent for August 2022, and numerous associated charges, are due and owing when Plaintiff had terminated the Lease pursuant to the terms of the Lease, timely sent the Notice of Intent to Vacate, and performed a walk thru of the premises with Shore House.

54. The Telephone Demands are false representations as to the correct legal amounts regarding the Alleged Debt and attempts to collect illegal amounts.

55. As a result of Rent Recovery's conduct as described herein, Rent Recovery has violated: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2)(A), 15 U.S.C. §1692(f) and/or 15 U.S.C. §1692(f)(1), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt.*
>
> *§1692(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

56. In addition, Rent Recovery violated 15 U.S.C. §1692(g)(a) by failing to provide Plaintiff with the required legal notice. 15 U.S.C. §1692(g)(a) provides:

> *(a)NOTICE OF DEBT; CONTENTS*
> *Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
>
> *(1)the amount of the debt;*
>
> *(2)the name of the creditor to whom the debt is owed;*
>
> *(3)a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
>
> *(4)a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
>
> *(5)a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

57. As a result of Rent Recovery's debt collection conduct as described herein, Plaintiff has been injured, including damages for emotional distress.

58. Plaintiff: (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers

a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, RASHIDA ARNOLD, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Ms. Arnold v. Rent Recovery)
### (Violation of the FCCPA)

59. Plaintiff incorporates Paragraphs one (1) through forty-four (44) above as if fully set forth herein.

60. This is an action against Defendant, Rent Recovery, for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $30,000.00, exclusive of interest, court costs and attorneys' fees.

61. The Alleged Debt is a consumer debt within the meaning of the FDCPA. This is so because it was incurred for Plaintiff's personal use; namely rent for her primary residence, and thereby created an obligation for Plaintiff to pay money arising out of a transaction which was primarily for personal, family, or household purposes.

62. Plaintiff is a natural person that was the borrower of and obligated to pay the Alleged Debt.

63. Defendant, Rent Recovery, is a debt collector within the meaning of the FDCPA. This is so because:

   a. Rent Recovery is a person that uses the U.S. Mail, correspondence, fax transmissions, email, lawsuits and other instrumentalities of interstate commerce in sending communications such as the Telephone Demands in an attempt to collect the Alleged Debt; and

   b. Rent Recovery's principal business purpose is the collection of debts, as Rent Recovery regularly calls, sends collections letters and files collection lawsuits throughout the State of Florida in order to collect delinquent consumer debts for another person as it did for the Alleged Debt; and

   c. Rent Recovery regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as it did for the Alleged Debt on behalf of Shore House.

64. The Telephone Demands are attempts to collect the Consumer Debt.

65. The Telephone Demands demanded payment for amounts that were not due and owing.

66. The illegal amounts sought in the Telephone Demands are substantial and material.

67. The Telephone Demands are misleading because they give a false impression of the character and/or amounts of the Alleged Debt, namely that rent for August 2022, and numerous associated charges, are due and owing when Plaintiff had terminated the Lease pursuant to the terms of the Lease, timely sent the Notice of Intent to Vacate, and performed a walk thru of the premises with Shore House.

68. The Telephone Demands are false representations as to the correct legal amounts regarding the Alleged Debt and attempts to collect illegal amounts.

69. Rent Recovery had actual knowledge that the Telephone Demands sought amounts not due and owing as Plaintiff disputed the Alleged Debt.

70. The illegal amounts sought in the Telephone Demands are substantial and material.

71. The Telephone Demands constitute "communication" as defined by Florida Statutes, §559.55(2) because they conveyed information such as the alleged amounts owed for the Alleged Debt and who allegedly owed such Consumer Debt, to Plaintiff who is a person and such "communication" was in the form of a telephone call, the U.S. Mail, correspondence, fax transmissions and/or email.

72. As a result of Rent Recovery's conduct as described herein, Rent Recovery has violated Florida Statutes, §559.72(9) which makes it unlawful to: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

73. As a result of Rent Recovery's debt collection conduct as described herein, Plaintiff has been injured, including damages for emotional distress.

74. Plaintiff: (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, RASHIDA ARNOLD, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**COUNT III**
**(Ms. Arnold v. House Shore)**
**(Violation of the FCCPA)**

75. Plaintiff incorporates Paragraphs one (1) through forty-four (44) above as if fully set forth herein.

76. This is an action against Defendant, Shore House, for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $30,000.00, exclusive of interest, court costs and attorneys' fees.

77. The Alleged Debt is a consumer debt within the meaning of the FCCPA. This is so because it was incurred for Plaintiff's personal use; namely rent for her primary residence; and thereby created an obligation for Plaintiff to pay money arising out of a transaction which was primarily for personal, family, or household purposes.

78. Plaintiff is a natural person that was the borrower of and obligated to pay the Consumer Debt.

79. Shore House is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

80. The Notice of Eviction, Demand for Payment and Portal Payment Demand are attempts to collect the Alleged Debt.

81. The Notice of Eviction, Demand for Payment and Portal Payment Demand demanded payment for amounts that Plaintiff does not owe as she

terminated the Lease pursuant to the Notice of Intent to Vacate in accordance with Section 3 of the Lease.

82. Shore House had actual knowledge of the Notice of Eviction, Demand for Payment and Portal Payment Demand seeking amounts due that Plaintiff does not owe because Shore House knew that Plaintiff terminated the Lease pursuant to the Notice of Intent to Vacate in accordance with Section 3 of the Lease.

83. Moreover, Shore House did a walk thru of the premises after Plaintiff vacated the premised and signed the Move Out Checklist confirming that Plaintiff had vacated the premises before July 16, 2022.

84. The illegal amounts sought in the Notice of Eviction, Demand for Payment and Portal Payment Demand are substantial and material.

85. The Notice of Eviction, Demand for Payment and Portal Payment Demand are misleading because they give a false impression of the character and/or amounts of the Alleged Debt.

86. The Notice of Eviction, Demand for Payment and Portal Payment Demand are false representations as to the correct legal amounts regarding the Alleged Debt and attempts to collect illegal amounts.

87. The Notice of Eviction, Demand for Payment and Portal Payment Demand constitute "communication" as defined by Florida Statutes, §559.55(2) because they conveyed information such as the alleged amounts owed for the

Alleged Debt and who allegedly owed such Alleged Debt, to Plaintiff who is a person and such "communication" was in the form of a telephone call, the U.S. Mail, correspondence, fax transmissions and/or email.

88. As a result of Shore House's conduct as described herein, Shore House has violated Florida Statutes, §559.72(9) which makes it unlawful to: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

89. As a result of Shore House's debt collection conduct as described herein, Plaintiff has been injured, including damages for emotional distress.

90. Plaintiff: (a) is entitled to collect her attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Florida Consumer Lawyers in this action; and (c) is obligated to pay the law firm of Florida Consumer Lawyers a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, RASHIDA ARNOLD, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues so triable.

        Respectfully submitted,

        By: / s / Sami Thalji
        Sami Thalji, Esquire, Lead Trial Counsel
        Florida Bar No.:165913
        Melissa Miller Thalji, Esquire
        Florida Bar No.:174467
        Nick Fowler, Esquire
        Florida Bar No.: 81856
        FLORIDA CONSUMER LAWYERS
        P.O. Box 341499
        Tampa, Florida 33694
        (813) 282-9330 (telephone)
        (813) 282-8648 (facsimile)
        Notice of Primary Email: service@floridacl.com
        Counsel for Plaintiff