UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RASHIDA ARNOLD,

  Plaintiff,

                                                   CASE NO.: 3:22-cv-01175-MMH-LLL

-VS-

SHOREHOUSE TIC I, LLC,
SHOREHOUSE TIC II, LLC,
SHOREHOUSE TIC III, LLC, and
RENT RECOVERY SOLUTIONS, LLC,

  Defendant.

_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, RASHIDA ARNOLD ("Plaintiff"), by and through her undersigned counsel, hereby moves for entry of judgment by default against Defendants, (i) Shorehouse TIC I, LLC; (ii) Shorehouse TIC II, LLC; and (iii) Shorehouse TIC III, LLC (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendants were served with a summons and Amended Complaint but failed to file an answer or otherwise defend, resulting in a default, which was entered by the Clerk of the Court on January 27, 2023 (DE 24, 25, 26). Plaintiff now respectfully requests that this Court enter Final Default Judgment. As grounds thereof, Plaintiff states as follows:

**I.    Procedural History**

Plaintiff filed her Amended Complaint (the "Complaint") on November 30, 2022 (DE 11). The Complaint was properly served upon all Defendants on December 7, 2023. A

1

copy of the Affidavit of Service was filed on December 14, 2023 (DE 21). Although Defendants were properly served with a summons and Complaint, they did not obtain counsel, and failed to file a timely answer or other response as directed by the summons and the Federal Rules of Civil Procedure. Accordingly, on January 26, 2023, Plaintiff requested (DE 23), and on January 27, 2023, the Clerk of the Court entered (DE 24, 25, 26), defaults against Defendants, pursuant to Federal Rule of Civil Procedure 55(a), for failing to answer, plead, or otherwise defend against the Complaint.

## II.  LEGAL ARGUMENT

### 1.  Default Judgment Standard Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *See United States v. Fleming*, 114 A.F.T.R.2d 2014-5377, 2014 WL 643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" *Id*. (quoting *Solaroll Shade and Shutter Corp.. Inc. v. Bio-Energy Svs.. Inc.,* 803 F.2d 1130, 1134 (11th Cir.1986)). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians. LLC v. SRG Consulting. Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515  F.2d 1200, 1206 (5th Cir. 1975)).

"Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against a properly served defendant, who, like the Defendant in the instant action, failed to file a timely responsive pleading. By such a default, all of Plaintiff's well-pled

allegations in the Complaint are deemed admitted." *See Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman,* 820 F.2d 359,361 (11th Cir.1987)).

If the admitted facts in the Complaint establish liability, then the Court must next determine appropriate damages. *See id.* "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *See id.* (*citing SEC v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone ... We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States v. Fleming,* 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014) (quoting *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979) and citing *SEC v. Smyth*. 420 F.3d 1225, 1231-32 (11th Cir.2005)). "[w]here the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." *Id.* (citing *Smyth,* 420 F.3d at 1232, n. 13); *see also Broad. Music. Inc. v. PRB Productions. Inc.,* 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014).

Plaintiff's well-pled allegations conclusively establish the liability of Defendants under the FCCPA and FDCPA. In addition, all essential evidence regarding monetary relief is already part of the record, obviating the need for an evidentiary hearing.

### 2. Plaintiff Is Entitled To Default Judgment With Respect To Her FCCPA Claims

### A. Liability

In the instant action, Plaintiff leased her apartment home from Defendants. (DE 11, ¶ 13-15). She gave more than sixty (60) days notice of her intent to vacate the premises in accordance with the lease. (DE 11, ¶ 23, 24). On or about July 16, 2022, Plaintiff attended a walk thru of the premises with Defendants. At that time, Defendants confirmed in writing that there was no damage to the premises and that all necessary steps for Plaintiff to move out had been completed. (DE 11, ¶ 26, Ex. "C"). On or about August 5, 2022, after Plaintiff vacated the premises and Defendants executed the Move Out Checklist, Plaintiff received a Three-Day Notice to Pay Rent or Deliver Possession (the "Eviction Notice"). (DE 11, ¶ 27, Ex. "D"). Plaintiff also received a purported bill for rent for August 2022, late fees for failure to pay August rent, as well as insurance, pest control, water, sewer, trash, facility fees and a charge for renewing the Lease as a month-to-month tenant (the "Demand for Payment"). (DE 11, ¶ 30, Ex. "E"). Plaintiff immediately disputed the Eviction Notice and Demand for Payment as she had already vacated the premises, Defendants had confirmed same, and she did not owe any monies for August rent as she was no longer a tenant. (DE 11, ¶ 33-35). Instead of correcting their mistake, Defendants continued their collections efforts against Plaintiff and turned Plaintiff over to collections, ruining her credit and hindering her ability to enter into a lease in the future, and hurting her employment as she must undergo frequent background checks for work. (DE 11, ¶ 37-41). Plaintiff has provided an Affidavit which verifies Defendants' liability and her damages. A true and

correct copy of the Affidavit is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

Counts III, IV and V of the Complaint allege that Defendants' debt collection activity violated Florida Statutes, §559.72(9) which makes it unlawful to:

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

The Complaint and Plaintiff's Affidavit demonstrate that Defendants (1) had actual knowledge that the Plaintiff had vacated the premises and did not owe the allege debt; (2) in response the Defendants advised Plaintiff that they were mistaken; yet they proceeded to continue to collect the debt and turn Plaintiff over to collections. (DE 11, ¶¶ 32-47). Thus, Plaintiff has established that Defendants violated sections 559.72(9) of the FCCPA.

### A. Damages

Plaintiff is entitled to statutory damages pursuant to the FCCPA. Regarding damages, Section 559.77(2) states in pertinent part:

> Any person who fails to comply with any provision of [Fla. Stat. § 559.72] is liable for actual damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with [Fla. Stat. § 559.72], the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional . . .

Plaintiff is entitled to an award of $1,000.00 in statutory damages from each Defendant under section 559.77(2) for Defendants' violations of the FCCPA, for a total of $3,000.00.

In addition, Plaintiff is entitled to return of her security deposit in the amount of $500.00. Although Plaintiff is entitled to return of her security deposit and Defendants

advised Plaintiff at the move out walk thru that she would be receiving her security deposit back, Defendants wrongfully applied the security deposit to the bogus August 2022 rent charges. Thus, Plaintiff is entitled to damages in the amount of $3,500.00. See Plaintiff's Affidavit in Support of Motion for Final Judgment, ¶ 16, 29.

### 3. Plaintiff Is Entitled To An Award Of Her Reasonable Attorneys' Fees and Costs

Plaintiff is entitled to an award of her costs and attorney's fees pursuant Fla. Stat. § 559.77(2).  Plaintiff's counsel has incurred $6,450.00 in reasonable attorney's fees to date. Specifically, Plaintiff seeks attorney's fees for: attorney Sami Thalji for 17.20 hours at the rate of $375.00 per hour. Furthermore, Plaintiff has incurred costs in the amount of $727.00 for filing, and service fees. Thus, the total requested award for attorney's fees and costs is $7,177.00.

Courts are afforded broad discretion in addressing attorney's fees issues. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) ("[u]ltimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)). The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. *Webb v. Bd. of Educ. of Dyer Cty.*, 471 U.S. 234, 242 (1985).  Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. *Hensley v. Eckerhart*, 461 U.S. 424, 4 33 (1983). Further, the fee applicant must support the number of hours worked.  *Id*.

Plaintiff's counsel has provided a declaration of attorney's fees and costs for this Court's review and attests that the fees are reasonable based on his experience. A true and correct copy of the declaration is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant her motion and enter final default judgment against Defendants, jointly and severally. In addition, because "all essential evidence is on record" already, *see supra, Ordonez,* 2011 WL 3843890, at *5 (*citing SEC v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)), Plaintiff respectfully requests that the Court waive oral argument on the amount of monetary relief, and award statutory damages in the amount of $3,000.00 pursuant to the FCCPA, actual damages in the form of the return of her security deposit in the amount of $500.00, plus attorney fees and costs in the amount of $7,177.00, for a total award of $10,677.00.

    Respectfully submitted,

    FLORIDA CONSUMER LAWYERS

    By: / s / Sami Thalji
    Sami Thalji, Esquire, Lead Trial Counsel
    Florida Bar No.:165913
    Melissa Miller Thalji, Esquire
    Florida Bar No.:174467
    Nick Fowler, Esquire
    Florida Bar No.: 81856
    FLORIDA CONSUMER LAWYERS
    P.O. Box 341499
    Tampa, Florida 33694
    (813) 282-9330 (telephone)
    (813) 282-8648 (facsimile)

        Notice of Primary Email: service@floridacl.com
        Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2023 a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system upon all counsel of record. A copy has also been furnished by regular U.S. Mail to Shorehouse TIC I, LLC, Shorehouse TIC II, LLC, and Shorehouse TIC III, LLC c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

        FLORIDA CONSUMER LAWYERS

        By: / s / Sami Thalji
        Sami Thalji, Esquire, Lead Trial Counsel
        Florida Bar No.:165913
        P.O. Box 341499
        Tampa, Florida 33694
        (813) 282-9330 (telephone)
        (813) 282-8648 (facsimile)
        Notice of Primary Email: service@floridacl.com
        Counsel for Plaintiff