UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RASHIDA ARNOLD,

    Plaintiff,

v.                                 Case No. 3:22-cv-1175-MMH-LLL

RENT RECOVERY SOLUTIONS,
LLC, et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On April 11, 2023, Plaintiff Rashida Arnold and Defendant Rent Recovery Solutions, LLC filed a Joint Stipulation of Dismissal With Prejudice (Doc. 35; Stipulation). Accordingly, on April 12, 2023, the Court entered an Order dismissing the claims against Rent Recovery Solutions, LLC. See Order (Doc. 36). Significantly, this dismissal ordered encompassed the sole federal claim in this action. See Amended Complaint (Doc. 11) at 10. Accordingly, the Court now considers whether to continue to exercise supplemental jurisdiction over the remaining claims in this action, Counts III-V.

In Counts III-V, Plaintiff asserts claims for relief under state law. See Amended Complaint at 17, 20, 24. In the Amended Complaint, Plaintiff invoked the Court's supplemental jurisdiction over those state law claims

pursuant to 28 U.S.C. § 1367.  Id. at 2.  "The decision to exercise supplemental jurisdiction over pend[e]nt state claims rests within the discretion of the district court."  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004).  Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."  Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 743 (11th Cir. 2006).  However, upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience in deciding whether or not to exercise that jurisdiction."  Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994).

Upon due consideration, and given the procedural posture of this case, the Court finds that judicial economy and convenience would not be served by

retaining jurisdiction over Plaintiff's state law claims. Indeed, when, as here, the federal claims are dismissed prior to trial, the Eleventh Circuit Court of Appeals has "encouraged district courts to dismiss any remaining state claims." Raney, 370 F.3d at 1089; Busse v. Lee Cnty., 317 F. App'x 968, 973-74 (11th Cir. 2009) ("Since the district court 'had dismissed all claims over which it has original jurisdiction,' it therefore had the discretion not to exercise supplemental jurisdiction over [Appellant's] state law claims. 28 U.S.C. § 1367(c)(3). Furthermore, we expressly encourage district courts to take such action when all federal claims have been dismissed pretrial."). See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine- judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims."). As such, upon consideration of the § 1367 factors and the "traditional rationales for pendent jurisdiction, including judicial economy and convenience," see Palmer, 22 F.3d at 1569, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, Counts III-V of the Amended

Complaint are due to be dismissed without prejudice to refiling in the appropriate state court.¹ In light of the foregoing, it is

**ORDERED:**

1. The state law claims set forth in Counts III-V of the Amended Complaint (Doc. 11) are **DISMISSED without prejudice** to refiling in the appropriate state court.

2. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of April, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record
Pro Se Parties

---

¹ The Court notes that Plaintiff will suffer no harm from the Court's decision to decline supplemental jurisdiction because federal law provides for the tolling of the state limitations period while a state claim is pending in federal court. Specifically, 28 U.S.C. § 1367(d) provides that:

> [t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

As such, even if the statute of limitations has otherwise run on Plaintiff's state law claims, Plaintiff has at least thirty days to refile her claims in state court. See Dukes v. Georgia, 212 F. App'x 916, 917-18 (11th Cir. 2006); Dusek v. JPMorgan Chase & Co., 132 F. Supp. 3d 1330, 1354 n.18 (M.D. Fla. 2015).